IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

        v.                       CRIMINAL NO. 10-50110-003

JUAN SANCHEZ-SANCHEZ                         DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On December 3, 2014, the Defendant/Movant Juan Sanchez–Sanchez (hereinafter "Defendant") filed a "Notice of Motion and Motion for Vacature [sic] of Judgment that is Void for Want of Subject Matter Jurisdiction Where the Plaintiff has Failed to Establish Article III Standing to Sue Rule 60(b)(4), Fed. R. Civ. Proc." (Doc. 242.) The Government has filed a Response (Doc. 253), and the Defendant has filed a Reply. (Doc. 256).

**BACKGROUND**

On January 13, 2011, Defendant was named in one count of a four-count Second Superseding Indictment filed in the United States District Court for the Western District of Arkansas. (Doc. 62). Count One charged Defendant with conspiring to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and Title 21 U.S.C. § 846.

On April 12, 2011, a pretrial conference was conducted and the case then proceeded to trial, with a jury being selected and the trial set to begin the following morning. On the morning of April 13, 2011, counsel for the Government and the Defendant advised the Court that they had entered into a Plea Agreement. Pursuant to the written Plea Agreement, Defendant waived indictment and pled guilty to an Information charging him with conspiracy to distribute

AO72A
(Rev. 8/82)

methamphetamine, in violation of 21 U.S.C. §§ 841 (a) and 846. (Docs. 111, 112, 115). On August 4, 2011, Defendant was sentenced to 240 months imprisonment, 5 years supervised release, a $25,000.00 fine, and a $100 special assessment. (Doc. 136).

On August 18, 2011, Defendant filed a Notice of Appeal. (Doc. 142). On appeal, Defendant's counsel filed a motion to withdraw and a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that Defendant's plea was not knowing and voluntary. <u>United States v. Sanchez-Sanchez</u>, 451 F. App'x 614, 615 (8th Cir. 2012) (unpublished opinion). Defendant filed a *pro se* supplemental brief, arguing that he was sentenced "on the wrong criminal history category level" and the "wrong level according to weight." (Doc. 174, p. 19). The Eighth Circuit Court of Appeals found that any challenge to the voluntariness of Defendant's guilty plea was not cognizable on direct appeal because Defendant did not move to withdraw his plea in the district court. The Eighth Circuit, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), found no nonfrivolous issues for appeal. Accordingly defense counsel was granted leave to withdraw, and the District Court's judgment was affirmed.

On February 27, 2012, Defendant filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. (Doc. 174). On July 31, 2013, the Court entered an order adopting the undersigned's Report and Recommendation, denied and dismissed Defendant's § 2255 motion, and declined to issue a certificate of appealability. (Doc. 221.) On January 30, 2014, the Eighth Circuit Court of Appeals entered a judgment denying Defendant's certificate of appealability and dismissed his appeal. (Doc. 237-1.) The mandate was issued on April 17, 2014. (Doc. 237.)

In the motion now before the Court, which Defendant has purported to file pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, Defendant asserts:

-2-

This Court should vacate the judgment that is void for want of jurisdiction of the subject matter, where the plaintiff has wholly failed to meet its burden to establish standing to sue. [Defendant] is a living man, not subject to the penalties of constructive statutes such as Title 21, and the plaintiff has failed to show "injury in fact," "causation," and/or "redressability" either as a threshold matter or at any time during the prosecution, judgment and/or appeal . . . Unless standing to sue is establish[ed] <u>before</u> a court proceeds to the merits of the plaintiff's claim[,] the trial court is deprived of jurisdiction of the subject matter and the resultant judgment is void <u>ab initio</u>.

(Doc. 242 at pg. 12.)

## **DISCUSSION**

A "second or successive" §2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion. <u>See</u> 28 U.S.C. §2244(b)(3)(a); 28 U.S.C. § 2255(h).  An inmate may not bypass this requirement by purporting to invoke some other procedure, such as a Rule 60(b) motion . <u>See United States v. Lambros</u>, 404 F.3d 1034, 1036 (8th Cir. 2005); <u>Boyd v. United States</u>, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if Rule 60(b) motion is actually successive habeas petition, court should dismiss it for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals); <u>Franqui v. Florida</u>, 638 F.3d 1368, 1372-74 (11th Cir. 2011) (concluding Rule 60(b) motion in fact was an unauthorized successive § 2255 motion).  Defendant's claim that his criminal judgment should be vacated for lack of subject matter jurisdiction is a claim he could have pursued in his original § 2255 motion. <u>See</u> 28 U.S.C. § 2255(a) (a prisoner claiming that the court was without jurisdiction may move the court which imposed the sentence to vacate or set aside the sentence).  Because Defendant's Rule 60(b) motion is the functional equivalent of an unauthorized successive § 2255 motion, the undersigned recommends that it be

**DISMISSED** for lack of jurisdiction.  See <u>United States v. Hines</u>, 513 Fed. Appx. 633, 633 (8th Cir. 2013); <u>Boykin v. United States</u>,  2000 WL 1610732, at *1 (8th Cir.2000).

## <u>CONCLUSION</u>

Based upon the forgoing, the undersigned recommends that the instant **motion (Doc. 242)**, which the undersigned construes to be a successive motion  under 28 U.S.C. § 2255, be **dismissed with prejudice** for lack of jurisdiction.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 7th day of May, 2015.

/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-4-

AO72A
(Rev. 8/82)